### HARPER v. STATE. (4 Div. 809.)

(Court of Appeals of Alabama. April '17, 1923.)

1. Homicide ⊚⇒300(3)—Instructions on duty to retreat held properly denied.

Requested instructions in a prosecution for assault to murder concerning defendant's rights under the doctrine of retreat, *held* erroneous and properly denied.

2. Criminal law ⊚⇒829(18)—Denial of requested charges fully covered by those given not error.

The denial of requested charges as to reasonable doubt, fully covered by those given, is not error.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Walker Harper was convicted of assault to murder, and he appeals. Affirmed.

Charges 1 and 2, refused to defendant, are as follows:

"1. The court charges the jury that, if Harper, with no intention of bringing on the difficulty, approached Meadows in a peaceful manner, and that Meadows made the first hostile demonstration by drawing or attempting to draw a weapon, or by appearing to do so, and if the accused was in such proximity to Meadows as to render it hazardous to attempt flight, or if the assault was made with a deadly weapon and was open and direct and in perilous proximity, then the law would not require the accused to endanger his safety by attempting flight.

"2. The court charges the jury that it is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life, but if the jury is satisfied from all the evidence in the case that the circumstances attending the firing of the shot was such as to impress the defendant with a reasonable belief that, at the time of the firing, it was necessary in order to prevent death or great bodily harm to his person, then they must acquit the defendant, unless they further find that the defendant was not free from fault in bringing on the difficulty."

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. No brief has come to the hands of the court in support of this appeal, but, as required by statute, we have examined each exception reserved. No new or novel questions are presented, and in each instance the trial court has followed the well-defined rules of evidence in the admission of testimony. In none of these rulings do we find error.

[1, 2] The doctrine of retreat and the defendant's rights under the doctrine, as applied to the evidence in this case, was clearly defined to the jury in the court's oral charge and in written charge H. Charges 1 and 2, refused to defendant, do not conform to the requirements of the doctrine and were properly refused. The other charge undertaking to define a reasonable doubt was fully covered.

We find no error in the record, and the judgment is affirmed.

Affirmed.

─────────

(95 South. 917)

### THOMPSON v. STATE. (1 Div. 463.)

(Court of Appeals of Alabama. Nov. 21, 1923. On Rehearing, April 17, 1923.)

On Rehearing.

Criminal law ⊚⇒1111(5)—Recital in judgment entry that no demand was made for a jury governs evidence in record of demand by one other than defendant.

Recital in judgment entry that no jury trial was demanded by the defendant *held* to govern over evidence in record that a demand for a jury was made, signed by named person other than defendant, without further designation, and without anything in the record to disclose who such person was, or whether he had authority to represent the defendant.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Hans Thompson was convicted of an offense, and he appeals. Affirmed.

T. J. Touart, of Mobile, for appellant.

The defendant was denied a trial by jury, and the judgment should be reversed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

MERRITT, J. The defendant in this case was convicted of a violation of the prohibition law, and he appeals.

There is no bill of exceptions, and the time for filing one has expired. We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

On Rehearing.

PER CURIAM. Insistence is made on rehearing for the first time that this case should be reversed, because the defendant was denied a jury trial after demand made.

The only evidence in the record that such demand was made appears to be signed by T. J. Touart, without further designation, nor does the record disclose that the said Touart had authority to or was in any way representing the defendant. On the contrary, the judgment entry recites that, "no jury trial having been demanded by the defendant, this cause is tried by the court." The recitals in the judgment entry, under the facts as appear from this record, would govern.

The application for rehearing is overruled.